UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

DANDRE ALEXANDER,

        Plaintiff,                Case No. 2:16-cv-85

v.                                      Honorable Robert Holmes Bell

UNKNOWN OJALA et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendants Michigan Department of Corrections and State of Michigan, because they are immune from suit. The Court will serve the complaint against Defendant Ojala.

**Discussion**

I. Factual allegations

Plaintiff Dandre Alexander presently is incarcerated at the Macomb Correctional Facility, though the actions about which he complains occurred while he was housed at the Chippewa Correctional Facility (URF). Plaintiff sues URF Correctional Officer (unknown) Ojala, the Michigan Department of Corrections (MDOC) and the State of Michigan.

Plaintiff alleges that, on November 23, 2013, he sought advice from Defendant Ojala about whether he should file a grievance, given the lack of response to his kite requesting an eye examination. Ojala responded that he did not know. Plaintiff then said, I guess I don[']t have a choice then but to write a grievance." (ECF No. 1, PageID.6.) Ojala responded, "We don't let that grievance shit fly around here." (*Id.*) Plaintiff walked away and wrote a grievance, in which he named Ojala as the person with whom he had attempted to resolve the issue. Ojala was watching when Plaintiff dropped the grievance in the box the following day. Ojala asked Plaintiff if he had filed the grievance they had discussed before. Plaintiff replied that he had to do it. Ojala then stated, "Your [sic] going to have to learn the hard way I see." (*Id.*) That same day, Ojala wrote a false misconduct ticket against Plaintiff. Plaintiff was found guilty of the misconduct and was sanctioned to seven days' loss of privileges.

On December 22, 2013, Plaintiff was performing his duties as a yard-crew worker, shoveling snow. He had been working for more than an hour when he asked Ojala for a restroom break, explaining that he had drunk a lot of tea before his shift. Ojala refused to allow Plaintiff to take a restroom break, even after Plaintiff explained that his bladder felt like it was bursting. Plaintiff walked away, mumbling something. Ojala said, "The first chance I get, I[']m going to set

you straight." (*Id.*, PageID.7.) Later that night, Plaintiff was involved in a fight with another prisoner. When Ojala responded to the scene, he used a taser on Plaintiff, despite the fact that Plaintiff was underneath another prisoner and was no longer fighting. Plaintiff was placed in a steel cage in Steamboat Unit by a group of officers, including Ojala. Ojala then ripped the taser wire from Plaintiff's leg, rather than asking medical staff to remove it. The improper removal of the wire caused Plaintiff to bleed profusely.

Plaintiff alleges that all of Defendant Ojala's conduct was taken in retaliation for Plaintiff's exercise of his First Amendment rights. He also alleges that the taser incident violated the Eighth Amendment, the Equal Protection Clause, the Privacy Act, and state law. Plaintiff seeks declaratory relief, together with compensatory and punitive damages.

II.     Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC or the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-

1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC and the State of Michigan.

On initial review, the Court concludes that Plaintiff's allegations are sufficient to state a claim against Defendant Ojala. The Court therefore will order service of the complaint on Defendant Ojala.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections and the State of Michigan will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because they are immune from suit. The Court will serve the complaint against Defendant Ojala.

An Order consistent with this Opinion will be entered.


Dated: <u>April 22, 2016</u>　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE