UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER, #731077, )
               Plaintiff, )
               ) No. 2:16-cv-85
-v- )
               ) Honorable Paul L. Maloney
UNKNOWN OJALA, )
             Defendant. )
               )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

D'Andre Alexander filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. Alexander, a prisoner under the control of the Michigan Department of Corrections, contends that Defendant Ojala violated his rights under the First and Eighth Amendments. Defendant Ojala filed a motion for summary judgment. (ECF No. 48.) The magistrate judge issued a report recommending the motion be granted, the claims dismissed and that judgment enter. (ECF No. 60.) Alexander filed objections. (ECF No. 63.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Generally, the Court finds the objections unpersuasive. The record supports the magistrate judge's proposed findings of fact and conclusions of law.

Objection 1. Retaliation Claim - Checkmate doctrine. This objection is overruled. The magistrate judge accurately summarized the checkmate doctrine, which operates to bar Alexander's retaliation claims. The R&R cites a number of cases applying the checkmate doctrine in similar circumstances. The case cites cited by Alexander are distinguishable. The relevant portion of *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004) discusses qualified immunity, and is not a direct application of the checkmate doctrine. The Sixth Circuit has refined and developed the application of the checkmate doctrine since *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1981). Furthermore, the magistrate judge recommended dismissing the retaliation claim on alternative grounds.

Objection 2A. Excessive Force Claim – Subjective Component. Alexander raises several objections, all of which are overruled. Alexander insists he was no longer fighting. This objection is overruled. The fight was not over when Ojala arrived, even if, as Alexander claims, he had already stopped fighting. The record supports the conclusion that a physical altercation was on-going. It was, therefore, reasonable for Ojala to apply force in an effort to break up the prison fight. And, both participants were tased and subdued. The fact that a different prison official tased the other participant does not require the conclusion that Ojala's decision to use his taser on Alexander was malicious or sadistic. Also, in the context of a fight between prisoners, the use of a taser after several orders were ignored was a reasonable application of force.

Objection 2B. Excessive Force Claim – Objective Component. Alexander raises several objections here. All of the objections are overruled. The magistrate judge correctly pointed out inconsistencies in Alexander's arguments and evidence. And, the magistrate identified instances in which the evidence that was submitted to the Court did not support Alexander's version of the incident. The magistrate judge's conclusion that the record does not contain a genuine dispute of material facts on the objective component of an Eighth Amendment claim is well founded.

Objection 3. Retaliation Claim – Adverse Action. Alexander again objects to the conclusion that a fight was on-going. This objection is overruled. The record supports the conclusion that an altercation between prisoners was occurring when Ojala ordered both prisoners to stop and before his deployed his taser. Even if Alexander was only defending himself when he was tased, the Court cannot conclude that no fight was occurring.

Objection 4. Qualified Immunity. This objection is overruled. The Court concludes that no constitutional violation occurred. Accordingly, there is no claim against Ojala.

For these reasons, the Report and Recommendation (ECF No. 60) is **ADOPTED** as the Opinion of the Court. Defendant Ojala's motion for summary judgment (ECF No. 48) is **GRANTED.** The claims against Defendant Ojala are dismissed.

**IT IS SO ORDERED.**

Date:  October 17, 2017   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge